IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MID CENTRAL OPERATING ENGINEERS HEALTH AND WELFARE FUND, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No.   21-1224 ) |
| NEIDIG EXCAVATING, INC. and TIM NEIDIG d/b/a NEIDIG TRUCKING AND EXCAVATING and d/b/a NEIDIG EXCAVATING | ) ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

NOW COMES plaintiff, MID CENTRAL OPERATING ENGINEERS HEALTH AND WELFARE FUND, by its attorneys, CAVANAGH & O'HARA LLP, complaining of the defendants, NEIDIG EXCAVATING, INC. and TIM NEIDIG d/b/a NEIDIG TRUCKING AND EXCAVATING and d/b/a NEIDIG EXCAVATING, and allege as follows:

### Jurisdiction

1. This is a civil action under the Employee Retirement Income Security Act of 1974, as amended from time to time and codified at 29 U.S.C. §1001 *et seq.* ("ERISA"); and the Labor Management Relations Act, as amended, 29 U.S.C. § 185(a) ("LMRA").

2. This court has jurisdiction over this case because federal district courts have exclusive jurisdiction under ERISA over civil cases like the present action.  (*See* 29 U.S.C. §1132).

## Venue

3. Venue for civil cases like the present case is proper in a federal district court where the breach took place, where a defendant resides or may be found, or where the plan is administered. *See* §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

4. Venue is proper in this court because the plaintiff is administered in Peoria County, Illinois, which is located within the judicial district of the district court for the Central District of Illinois, Peoria division.

## Parties

5. Plaintiff is a multi-employer employee benefit fund maintained in accordance with the provisions of ERISA and the LMRA and is administered pursuant to the terms and provisions of a restated agreement and declaration of trust, a copy of pertinent parts of which is attached hereto as Exhibit "A" and fully incorporated herein and made a part hereof by this reference.

8. Plaintiff is the point of collection for other affiliated entities, which are either employee benefit funds, labor organizations, labor-management committees, and/or funds established pursuant to collective bargaining agreements between International Union of Operating Engineers Local Union 649 (the "Union") and certain employer associations and their employers whose employees are covered by the collective bargaining agreements with the Union, and authorized to act and file suit on behalf of such other affiliated entities to collect employer contributions and other amounts owed under the collective bargaining agreements.

9. Defendant is an "Employer" engaged in an industry within the meaning of §§1002 (5), (11), (12) and (14) of ERISA.

### **Factual Allegations**

10. Defendant is a party to a collective bargaining agreement with the Union (*see* Exhibit "B").

11. At all relevant times, defendant has employed individuals who have performed hours of work covered under the collective bargaining agreement.

12. Pursuant §1145 of ERISA, the defendant is required to pay fringe benefit contributions to the plaintiff in accordance with the terms and conditions of the plaintiff's trust agreements. *See* 29 U.S.C. §1145.

13. Defendant is required under the collective bargaining agreements and trust agreements to provide plaintiffs with written reports each month detailing hours worked by its employees and the contributions that are owed to plaintiff (the "remittance reports").

14. Defendant is delinquent in providing plaintiff with remittance reports since December 2017.

15. Pursuant to the trust agreement and ERISA, plaintiff has the right to examine the payroll books and employment records of the defendant in connection with the proper administration of the plaintiff's trust fund to confirm the accuracy of defendant's reporting of hours worked by its employees and to determine whether the defendant has paid plaintiffs all fringe benefit contributions owed.

16. Plaintiff demanded defendant provide access to its payroll and employment records for purposes of an audit ("audit").

17. Despite plaintiff's demand, defendant refused or otherwise failed to submit to an audit.

18. Defendant's refusal and/or failure to cooperate with the plaintiff's demand for an audit constitutes a breach of the provisions of the trust agreement and the provisions of ERISA.

19. To the extent unpaid fringe benefit contributions or other amounts are determined to be owed to plaintiff under the audit, defendant breached the provisions of the collective bargaining agreement and trust agreement by underpaying the fringe benefit contributions or other amounts that were owed to the plaintiff for wages earned and hours of work performed by its employees.

20. Pursuant to the terms of the trust agreement and to the extent provided for under ERISA, the defendant is liable for interest, liquidated damages, audit costs, reasonable attorneys' fees, court costs and all other reasonable expenses incurred by plaintiff in this matter.

WHEREFORE, plaintiffs pray as follows:

A. That defendant is ordered to provide and/or make available to plaintiff or its auditor, all of such other and additional payroll and employment records that are necessary for plaintiff to complete the audit;

B. That plaintiff is granted leave of Court to file supplemental proofs establishing the judgment sum for fringe benefit contributions and other amounts determined to be due to the plaintiff as determined by the audit, as well as for the liquidated damages, interest, audit costs, attorneys' fees and costs to which plaintiff is entitled to pursuant to the trust agreement and under ERISA;

C. That judgment is entered in favor of plaintiff and against defendant for all fringe benefit contributions, dues, interest, liquidated damages, and other amounts owed to plaintiff as determined by the audit or otherwise;

D. That defendant be decreed to pay to the plaintiff all such known monies determined to be due and owing to plaintiff at the time judgment is entered, including without limitation fringe benefit contributions, liquidated damages, interest, and audit costs;

E. That defendant is decreed to pay to the plaintiff its reasonable attorneys' fees and costs, as may be provided by the collective bargaining agreement, the trust agreements, and ERISA (29 U.S.C. Section 1132(g)(2));

F. That defendant is decreed to pay all costs attendant to these proceedings;

G. That plaintiff is awarded, at defendant's cost, such further and other relief as may be available under ERISA, the collective bargaining agreement, the trust agreement or as is otherwise just and equitable.

MID CENTRAL OPERATING ENGINEERS HEALTH AND WELFARE FUND, Plaintiff,

By: s/ John P. Leahy
JOHN P. LEAHY
CAVANAGH & O'HARA LLP
Attorneys for Plaintiff
2319 West Jefferson Street
Springfield, IL 62702
(217) 544-1771 – Telephone
(217) 544-9894 – Facsimile
johnleahy@cavanagh-ohara.com